# EXHIBIT A

1  J. Scott Conlon, #011829
   Ellen S. Levy, #020275
2  RENAUD COOK DRURY MESAROS, PA
   One North Central, Suite 900
3  Phoenix, Arizona 85004-4417
   Telephone: (602) 307-9900
4  Facsimile:  (602) 307-5853
   *Attorneys for Defendants*
5
   E-mail:  docket@rcdmlaw.com
6           sconlon@rcdmlaw.com
            elevy@rcdmlaw.com
7
           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
8
           **IN AND FOR THE COUNTY OF MARICOPA**
9
10  SHEETAL PATEL, mother of deceased                    No. CV2015-052872
    adult NISHMA KANABAR on behalf of
11  herself and the other beneficiaries of the
    estate of NISHMA KANABAR;
12  MAHENDRA KANABAR, father of
    Nishma Kanabar; SABIAN RIOS,                         **NOTICE OF FILING OF NOTICE**
    surviving natural son of Nishma Kanabar,             **OF REMOVAL**
13
14              Plaintiffs,
                                                         *(Assigned to the Honorable John*
15  v.                                                   *Hannah)*

16  CORIZON HEALTH, INC., a Delaware
    Corporation; CORIZON, INC., a Missouri
17  Corporation; CORIZON, LLC, a Missouri
    limited liability company; CORIZON
18  HEALTH OF NEW JERSEY, LLC, a New
    Jersey limited liability company;
19  VICENTE and JANE DOE ENCISO;
    TIMOTHY and JANE DOE JOHNSON; A
20  and JOHN DOE NUNN; A and JOHN
    DOE BURNS; C and JOHN DOE
21  REITER; JOHN AND JANE DOES 1-100;
    WHITE PARTNERSHIPS 1-100; BLACK
22  CORPORATIONS 1-100,

23              Defendants.

24       Defendants, Corizon Health, Inc., Corizon, Inc., Corizon, LLC (collectively

25  "Corizon") and Defendants Encisco; Johnson; Nunn; Burns; Reiter, (collectively, "Corizon

26  (Page 1, CV2015-052872)            3306-0068                          2872022_1.docx

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

Employees"), by and through their undersigned counsel, and pursuant to 28 U.S.C. § 1441, et seq., notifies this Court that they have filed a Notice of Removal of this action to the United States District Court for the District of Arizona.  A copy of the Notice of Removal (exclusive of exhibits) is attached as Exhibit "A."

RESPECTFULLY SUBMITTED this *19th* day of August, 2015.

RENAUD COOK DRURY MESAROS, PA


By: */s/  Ellen S. Levy*
        J. Scott Conlon
        Ellen S. Levy
        One North Central, Suite 900
        Phoenix, Arizona 85004-4417
        *Attorneys for Defendants*

ORIGINAL efiled this same date
and a copy mailed to:

Scott H. Zwillinger
Scott Griffiths
Aaron Crane
GOLDMAN & ZWILLINGER, PLLC
7047 E. Greenway Parkway, Suite 150
Scottsdale, Arizona 85254

*/s/  Margaret Bango*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 2, CV2015-052872)                    3306-0068                    2872022_1.docx

# EXHIBIT "A"

1  J. Scott Conlon, #011829
   Ellen S. Levy, #020275
2  RENAUD COOK DRURY MESAROS, PA
   One North Central, Suite 900
3  Phoenix, Arizona 85004-4417
   Telephone:  (602) 307-9900
4  Facsimile:   (602) 307-5853
   *Attorneys for Defendants*

5
   Email: *docket@rcdmlaw.com*
6  Email: *sconlon@rcdmlaw.com*
   Email: *elevy@rcdmlaw.com*
7
                    **IN THE UNITED STATES DISTRICT COURT**
8
                        **FOR THE DISTRICT OF ARIZONA**
9

10 Sheetal Patel, mother of deceased adult     No.
   Nishma Kanabar on behalf of herself
11 and the other beneficiaries of the estate
   of Nishma Kanabar; Mahendra
12 Ka******************
   0n0
13
                                              **NOTICE OF REMOVAL**
14 abar, father of Nishma Kanabar; Sabian
   Rios, surviving natural son of Nishma
   Kanabar,
15
                          Plaintiffs,
16
   v.
17
   Corizon Health, Inc., a Delaware
18 Corporation; Corizon, Inc., a Missouri
   Corporation; Corizon, LLC, a Missouri
19 limited liability company; Corizon
   Health of New Jersey, LLC, a New
20 Jersey limited liability company;
   Vicente and Jane Doe Enciso; Timothy
21 and Jane Doe Johnson; A and John Doe
   Nunn; A and John Doe Burns; C and
22 John Doe Reiter; John and Jane Does 1-
   100; White Partnerships 1-100; Black
23 Corporations 1-100,

24                        Defendants.

25

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL,
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

3306-0068                                   2871941_1.docx

1    Defendants, Corizon Health, Inc., Corizon, Inc., Corizon, LLC (collectively
2  "Corizon") and Defendants Encisco; Johnson; Nunn; Burns; Reiter, (collectively,
3  "Corizon Employees"),by and through their undersigned counsel, and pursuant to Rule
4  81(c), Fed.R.Civ.P., hereby notices the removal of the above-captioned case from the
5  Superior Court of Arizona, in and for the County of Maricopa, filed under Cause Number
6  CV2015-052872, to this Court and in support thereof asserts:
7    1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  This action may
8  be removed pursuant to 28 U.S.C. § 1441(b) because Plaintiffs assert a claim pursuant to
9  the Eighth Amendment of the United States Constitution.
10    2.    This Notice of Removal is being filed within thirty (30) days after initial
11  receipt of Plaintiff's Complaint and is timely filed under 28 U.S.C. § 1446(b).
12    3.    The time for which Defendants have to remove this case with respect to the
13  Complaint has not expired.
14    4.    A notification of filing a notice of removal in federal court, a true and
15  correct copy of which is attached as Exhibit "A," has been filed in the Superior Court of
16  Arizona on behalf of the Defendants.
17    5.    All known presently served/accepted service Defendant parties have
18  consented to the removal of this case from Superior Court of the State of Arizona, County
19  of Maricopa, to the United States District Court of Arizona.
20    **WHEREFORE**, DEFENDANTS RESPECTFULLY REQUEST THAT THE
21  ABOVE ACTION NOW PENDING IN THE SUPERIOR COURT OF THE DISTRICT
22  OF ARIZONA BE REMOVED TO THIS COURT.
23    RESPECTFULLY SUBMITTED this _19th_ day of August, 2015.
24
25

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853
26

3306-0068                                    2871941_1.docx

RENAUD COOK DRURY MESAROS, PA


By: /s/  Ellen S. Levy
        J. Scott Conlon
        Ellen S. Levy
    One North Central, Suite 900
    Phoenix, Arizona 85004-4417
    *Attorneys for Defendants*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

**CERTIFICATE OF SERVICE**

I hereby certify that on this *19th* day of August, 2015, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM/ECF participants.

Scott H. Zwillinger
Scott Griffiths
Aaron Crane
Goldman & Zwillinger, PLLC
7047 E. Greenway Pkwy., Suite 150
Scottsdale, AZ 85254
*Attorneys for Plaintiffs*

I have also served the attached document by _____ on the following persons who are not registered participants of the CM/ECF System:  N/A

By: */s/  Margaret Bango*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

3306-0068

2871941_1.docx

 CT Corporation

**Service of Process Transmittal**
07/31/2015
CT Log Number 527568343

| | |
|---|---|
| **TO:** | Stephen D. Brown, Director of Professional Liability Claim<br>Corizon Health, Inc.<br>103 Powell Court<br>Brentwood, TN 37027 |
| **RE:** | **Process Served in Arizona** |
| **FOR:** | Corizon Health, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sheetal Patel, Mother of Deceased adult Nishma Kanabar On behalf of herself and the other beneficiaries of the estate of Nishma Kanabar, et al., Pltfs. vs. Corizon Health, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Demand, Certificate |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2015052872 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - April 20, 2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/31/2015 at 15:48 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Scott H. Zwillinger<br>Goldman & Zwillinger PLLC<br>7047 E. Greenway Parkway<br>Suite 150<br>Scottsdale, AZ 85254<br>480-624-2783 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/01/2015, Expected Purge Date: 08/06/2015<br><br>Image SOP<br><br>Email Notification, Britt Herron  Britt.Herron@corizonhealth.com<br><br>Email Notification, Tom Smith  Thomas.Smith@corizonhealth.com<br><br>Email Notification, Stephen D. Brown  steve.brown@corizonhealth.com<br><br>Email Notification, Timothy Nelms  timothy.nelms@corizonhealth.com<br><br>Email Notification, Kathleen Franks  Kathy_Franks@ajg.com<br><br>Email Notification, Heather Brouwers  heather.brouwers@corizonhealth.com |

Page 1 of  2 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
07/31/2015
CT Log Number 527568343

**TO:**   Stephen D. Brown, Director of Professional Liability Claim
Corizon Health, Inc.
103 Powell Court
Brentwood, TN 37027

**RE:**   **Process Served in Arizona**

**FOR:**   Corizon Health, Inc.  (Domestic State: DE)

Email Notification,  Rebecca Merritt  Rebecca.Merritt@corizonhealth.com

Email Notification,  Amy Evans  amy_evans@westernlitigation.com

Email Notification,  Mary Lockhart  mary_lockhart@westernlitigation.com

**SIGNED:**   C T Corporation System
**ADDRESS:**   3800 N Central Avenue
Suite 460
Phoenix, AZ 85012
**TELEPHONE:**   602-248-1145

Page 2 of  2 / SP

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

1  Scott H. Zwillinger (019645)
2  Scott Griffiths (028906)
   Aaron Crane (021732)
3  **GOLDMAN & ZWILLINGER PLLC**
4  7047 E. Greenway Parkway, Suite 150
   Scottsdale, Arizona 85254
5  (480) 624-2783
6  (480) 383-6224 (Fax)
   E-mail: docket@gzlawoffice.com
7  *Attorneys for Plaintiffs*

```
ORIGINAL
```

8
           **IN THE SUPERIOR COURT IN THE STATE OF ARIZONA**
9                 **FOR THE COUNTY OF MARICOPA**
10

11  SHEETAL PATEL, mother of deceased      )
    adult NISHMA KANABAR on behalf of      )   No. CV _____ CV2015-052872
12  herself and the other beneficiaries of the )
13  estate of NISHMA KANABAR;              )   **SUMMONS TO CORIZON HEALTH,**
    MAHENDRA KANABAR, father of            )   **INC.**
14  Nishma Kanabar; SABIAN RIOS,           )
15  surviving natural son of Nishma Kanabar, )
                                           )
16        Plaintiffs,                      )       If you would like legal advice from a lawyer,
                                           )       Contact the Lawyer Referral Service at
17                                         )                   602-257-4434
18  v.                                     )                        or
                                           )            www.maricopalawyers.org
19  CORIZON HEALTH, INC., a Delaware       )              Sponsored by the
    Corporation; CORIZON, INC., a          )         Maricopa County Bar Association
20  Missouri Corporation; CORIZON, LLC.,   )
21  a Missouri limited liability company;  )
    CORIZON HEALTH OF NEW JERSEY,          )
22  LLC, a New Jersey limited liability    )
23  company; VICENTE and JANE DOE          )
    ENCISO; TIMOTHY and JANE DOE           )
24  JOHNSON; A and JOHN DOE NUNN;          )
25  A and JOHN DOE BURNS; C and JOHN       )
    DOE REITER;                            )
26  JOHN AND JANE DOES 1 – 100;            )
27  WHITE PARTNERSHIPS 1-100;              )
28  BLACK CORPORATIONS 1-100,              )
                                           )

                                     1

1  Defendants.                    )
2  _____    )

3  THE STATE OF ARIZONA TO THE DEFENDANTS:

4  **CORIZON HEALTH, INC.**

5

6  **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the
7  time applicable, in this action in this court.  If served within Arizona, you must appear and
8  defend within 20 days after the service of the Summons and Complaint upon you, exclusive of
9  the day of service.  If served out of the State of Arizona – whether by direct service, by
10 registered or certified mail, or by publication – you shall appear and defend within 30 days
11 after the service of the Summons and Complaint upon you is complete, exclusive of the day of
12 service.  Where process is served upon the Arizona Director of Insurance as an insurer's
13 attorney to receive service of legal process against it in this state, the insurer shall not be
14 required to appear, answer or plead until expiration of 40 days after date of such service upon
15 the Director.  Service by registered or certified mail outside the State of Arizona is complete
16 30 days after the date of receipt by the party being served.  Service by publication is complete
17 30 days after the date of first publication.  Direct service is complete when made.  Service
18 upon Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of
19 Compliance and return receipt or Officer's Return.  Ariz. R. Civ Proc., Rules 4, 4.1, 4.2 and
20 12(a).

21 YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend
22 within the time applicable, judgment by default may be rendered against you for the relief
23 demanded in the Complaint.

24 YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer
25 or proper response in writing with the Clerk of this Court, accompanied by the necessary
26 filing fee, within the time required, and you are required to serve a copy of any Answer or
27 response upon the plaintiff's attorney, whose name and address are set forth below.  Ariz. R.
28 Civ. Proc., Rules 5 and 10; A.R.S. § 12-311.

2

1   Copies of the pleadings filed herein may be obtained by contacting the Clerk of

2   Superior Court, Maricopa County, located at 201 West Jefferson, Phoenix, Arizona.

3   **Requests for reasonable accommodation for person with disabilities must be made**

4   **to the division assigned to the case by parties at least 3 judicial days in advance of a**

5   **scheduled court proceeding.**   Local Rules of Practice for the Superior Court, Maricopa

6   County, Rule 2.5(c).

7   The name and address of Third Party Plaintiff's attorney is:

8   Goldman & Zwillinger PLLC

9   7047 E. Greenway Parkway, Suite 150
    Scottsdale, Arizona 85254

10  SIGNED AND SEALED this date:   JUL **24** 2015 _____

11

12    CLERK   MICHAEL K JEANES, CLERK

13

14  By: _____

15  Deputy clerk

16  N. MARRUFFO

17

18

19

20

21

22

23

24

25

26

27

28

3

 **CT Corporation**

**Service of Process Transmittal**
07/31/2015
CT Log Number 527568391

**TO:**   Stephen D. Brown, Director of Professional Liability Claim
Corizon Health, Inc.
103 Powell Court
Brentwood, TN 37027

**RE:**   **Process Served in Arizona**

**FOR:**   Corizon, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sheetal Patel, Mother of Deceased adult Nishma Kanabar On behalf of herself and the other beneficiaries of the estate of Nishma Kanabar, et al., Pltfs. vs. Corizon Health, Inc., etc., et al. including Corizon, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ
Case # CV2015052872 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - April 20, 2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/31/2015 at 15:48 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Scott H. Zwillinger
Goldman & Zwillinger PLLC
7047 E. Greenway Parkway
Suite 150
Scottsdale, AZ 85254
480-624-2783 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/01/2015, Expected Purge Date: 08/06/2015
Image SOP
Email Notification, Timothy Nelms timothy.nelms@corizonhealth.com
Email Notification, Kathleen Franks Kathy_Franks@ajg.com
Email Notification, Britt Herron Britt.Herron@corizonhealth.com
Email Notification, Tom Smith Thomas.Smith@corizonhealth.com
Email Notification, Stephen D. Brown steve.brown@corizonhealth.com
Email Notification, Heather Brouwers heather.brouwers@corizonhealth.com
Email Notification, Rebecca Merritt Rebecca.Merritt@corizonhealth.com
Email Notification, Amy Evans amy_evans@westernlitigation.com
Email Notification, Mary Lockhart mary_lockhart@westernlitigation.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 3800 N Central Avenue
Suite 460
Phoenix, AZ 85012 |
| **TELEPHONE:** | 602-248-1145 |

Page 1 of  1 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1  Scott H. Zwillinger (019645)
2  Scott Griffiths (028906)
   Aaron Crane (021732)
3  **GOLDMAN & ZWILLINGER PLLC**
4  7047 E. Greenway Parkway, Suite 150
   Scottsdale, Arizona 85254
5  (480) 624-2783
6  (480) 383-6224 (Fax)
   E-mail: docket@gzlawoffice.com
7  *Attorneys for Plaintiffs*

ORIGINAL

8
9       **IN THE SUPERIOR COURT IN THE STATE OF ARIZONA**
            **FOR THE COUNTY OF MARICOPA**
10

                                    CV2015-052872
11  SHEETAL PATEL, mother of deceased    )
    adult NISHMA KANABAR on behalf of    )   No. CV_____
12  herself and the other beneficiaries of the )
    estate of NISHMA KANABAR;            )
13                                       )   **SUMMONS TO CORIZON, INC.**
    MAHENDRA KANABAR, father of          )
14  Nishma Kanabar; SABIAN RIOS,         )
15  surviving natural son of Nishma Kanabar, )
                                         )
16         Plaintiffs,                   )   If you would like legal advice from a lawyer,
                                         )   Contact the Lawyer Referral Service at
17                                       )   602-257-4434
    v.                                   )   or
18                                       )   www.maricopalawyers.org
    CORIZON HEALTH, INC., a Delaware     )   Sponsored by the
19                                       )   Maricopa County Bar Association
    Corporation; CORIZON, INC., a        )
20  Missouri Corporation; CORIZON, LLC., )
21  a Missouri limited liability company; )
    CORIZON HEALTH OF NEW JERSEY,        )
22  LLC, a New Jersey limited liability  )
23  company; VICENTE and JANE DOE        )
    ENCISO; TIMOTHY and JANE DOE         )
24  JOHNSON; A and JOHN DOE NUNN;        )
25  A and JOHN DOE BURNS; C and JOHN     )
    DOE REITER;                          )
26  JOHN AND JANE DOES 1 – 100;          )
27  WHITE PARTNERSHIPS 1-100;            )
    BLACK CORPORATIONS 1-100,            )
28                                       )

                                    1

1    Defendants.                    )
2    _____ )

THE STATE OF ARIZONA TO THE DEFENDANTS:

**CORIZON, INC.**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this court.  If served within Arizona, you must appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service.  If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail outside the State of Arizona is complete 30 days after the date of receipt by the party being served.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  Ariz. R. Civ Proc., Rules 4, 4.1, 4.2 and 12(a).

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney, whose name and address are set forth below.  Ariz. R. Civ. Proc., Rules 5 and 10; A.R.S. § 12-311.

2

Copies of the pleadings filed herein may be obtained by contacting the Clerk of Superior Court, Maricopa County, located at 201 West Jefferson, Phoenix, Arizona.

**Requests for reasonable accommodation for person with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.**   Local Rules of Practice for the Superior Court, Maricopa County, Rule 2.5(c).

The name and address of Third Party Plaintiff's attorney is:

Goldman & Zwillinger PLLC
7047 E. Greenway Parkway, Suite 150
Scottsdale, Arizona 85254

SIGNED AND SEALED this date: _____ JUL 24 2015



CLERK         MICHAEL K JEANES, CLERK

Deputy clerk          N. MARRUFFO

3

MICHAEL K. JEANES, CLERK
RECEIVED HE OUTSIDE
DEPOSITORY

MICHAEL
RECEI
BI

15 JUL 24  PM 4: 59

15 JUL

**FILED**

BY N. MARRUFFO, DEP
PAID
$319.00
R#2468 9605

1 | Scott H. Zwillinger (019645)
2 | Scott Griffiths (028906)
 | Aaron Crane (021732)
3 | **GOLDMAN & ZWILLINGER PLLC**
4 | 7047 E. Greenway Parkway, Suite 150
 | Scottsdale, Arizona 85254
5 | (480) 624-2783
6 | (480) 383-6224 (Fax)
 | E-mail: docket@gzlawoffice.com
7 | *Attorneys for Plaintiffs*

8

### IN THE SUPERIOR COURT IN THE STATE OF ARIZONA
9 | ### FOR THE COUNTY OF MARICOPA

10

11 | SHEETAL PATEL, mother of deceased          )     CV2015-052872
 | adult NISHMA KANABAR on behalf of          )   No. CV_____
12 | herself and the other beneficiaries of the )
13 | estate of NISHMA KANABAR;                   )   **COMPLAINT AND DEMAND FOR**
 | MAHENDRA KANABAR, father of                 )   **JURY TRIAL**
14 | Nishma Kanabar; SABIAN RIOS,               )
15 | surviving natural son of Nishma             )
 | Kanabar,                                     )
16 |                                              )
17 |         Plaintiffs,                          )
 |                                              )
18 | v.                                          )
19 |                                              )

20

21

22

23

24

25

26

27

28

1

CORIZON HEALTH, INC., a Delaware )
Corporation; CORIZON, INC., a )
Missouri Corporation; CORIZON, LLC., )
a Missouri limited liability company; )
CORIZON HEALTH OF NEW )
JERSEY, LLC, a New Jersey limited )
liability company; VICENTE and JANE )
DOE ENCISO; TIMOTHY and JANE )
DOE JOHNSON; A and JOHN DOE )
NUNN; A and JOHN DOE BURNS; C )
and JOHN DOE REITER; )
JOHN AND JANE DOES 1 – 100; )
WHITE PARTNERSHIPS 1-100; )
BLACK CORPORATIONS 1-100, )

                    Defendants.

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.     Plaintiffs bring this action for violations of the Fourteenth Amendment of the United States Constitution; 42 U.S.C. §1983; and Arizona common and statutory laws, including A.R.S. §12-611, *et seq.*

2.     Because the majority of the parties are residents of Maricopa County, Arizona, and the events underlying this lawsuit occurred in Maricopa County, jurisdiction and venue is proper in this Court.

## PARTIES

3.     Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

4.     For all material times, Nishma Kanabar ("Nishma") was an individual residing in Maricopa County, Arizona.

5.     Nishma died on April 20, 2014.

6.    For all material times, Sheetal Patel ("Sheetal") was an individual residing in Maricopa County, Arizona.

7.    Sheetal survives her daughter, Nishma.

8.    For all material times, Mahendra Kanabar ("Mahendra") was an individual residing in Maricopa County, Arizona.

9.    Mahenda survives his daughter, Nishma.

10.    For all material times, minor child Sabian Rios ("Sabian") was an individual residing in Maricopa County, Arizona.

11.    Sabian survives his mother, Nishma.

12.    Defendant Corizon Health, Inc., is a privately owned Delaware Corporation that was authorized to, and did, conduct business in Arizona, including in Maricopa County.

13.    Defendant Corizon, Inc., is a privately owned Missouri Corporation that was authorized to, and did, conduct business in Arizona, including in Maricopa County.

14.    Defendant Corizon, LLC, is a Missouri limited liability corporation that was authorized to, and did, conduct business in Arizona, including in Maricopa County. Corizon, LLC is a wholly owned subsidiary of Corizon Health, Inc. Collectively the Defendants named in this paragraph and paragraphs 12 & 13 above are herein referred to as the "Corizon Defendants."

15.    Defendant Vicente O. Enciso, MD, is a licensed physician who, during the relevant time, was an agent or employee of Corizon Defendants and assigned to provide medical services at various facilities operated by the Arizona Department of Corrections.

16.    Defendant Timothy R. Johnson, PA-C, is a licensed physician's assistant who, during the relevant time, was an agent or employee of Corizon Defendants and was assigned to provide medical services at various facilities operated by the Arizona Department of Corrections.

17.    Defendant A. Nunn, RN, is a registered nurse who, during the relevant time, was an agent or employee of Corizon Defendants and was assigned to provide nursing services at various facilities operated by the Arizona Department of Corrections.

3

18.     Defendant A. Burns, RN, is a registered nurse who, during the relevant time, was an agent or employee of Corizon Defendants and was assigned to provide medical services at various facilities operated by the Arizona Department of Corrections.

19.     Defendant C. Reiter, RN, BSN, is a registered nurse who, during the relevant time, was an agent or employee of Corizon Defendants and was assigned to provide medical services at various facilities operated by the Arizona Department of Corrections.

20.     At all material times, Defendants Enciso, Johnson, Nunn, Burns and Reiter were acting within the course and scope of their employment and therefore Corizon Defendants are vicariously liable for under the principle of *respondeat superior* for Defendants' Enciso, Johnson, Nunn, Burns and Reiter's acts and omissions.

21.     For purposes of Plaintiffs' claims that arise under Federal law, including without limitation the United States Constitution and 42 U.S.C. § 1983 *et seq.*, and as may be relevant to Plaintiffs' state law claims, at all relevant times described herein, Defendants were acting under the color of state law.

22.     Defendants Enciso, Johnson, Nunn, Burns and Reiter's acts and omissions were done for the benefit and furtherance of their respective marital communities, if any, and thus their respective marital communities, if any, are liable for Defendants acts and omissions. Plaintiffs are unaware of the true names of these defendant's spouses, if any, and have designated them as Jane and John Does in the caption of this matter. The true names of these defendants will be substituted upon discovery of same.

23.     Defendants John and Jane Does 1 – 100 represent defendants who may be liable for the acts or omissions set forth in this Complaint. The true names of these defendants will be substituted upon discovery of same.

24.     Defendants Black Corporations 1-100 and White Partnerships 1-100 represent corporate defendants who may be liable for the acts or omissions set forth in this Complaint. The true names of these defendants will be substituted upon discovery of same.

## FACTUAL ALLEGATIONS

4

25.    The United States Constitution and the laws of the State of Arizona, require the Arizona Department of Corrections to provide medical care to the inmates housed in its prison facilities.

26.    The Arizona Department of Corrections contracted with Corizon Defendants on or about March 4, 2013, to be the exclusive healthcare provider to inmates in these prison facilities.

27.    Via that contract, the Arizona Department of Corrections delegated to Corizon Defendants the duty and responsibility of establishing policies and procedures guaranteeing inmate medical care that complies with the law.

28.    At all material times, Corizon Defendants relied on the clinical staff at ASPC-Perryville to provide medical services to decedent Nishma Kanabar and other inmates residing in Perryville prison.

### Nishma's Arrival at ASPC-Perryville

29.    On March 27, 2013, Nishma Kanabar, a 33-year old woman, arrived at Arizona State Prison – Perryville Complex ("Perryville") to serve a two-year sentence for promoting prison contraband.

30.    Subsequent to her physical exam upon intake at Perryville on March 27, 2013, Nishma's papanicolaou test ("Pap test") returned with *abnormal results showing atypical squamous cells of undetermined significance (ASCUS)*.

31.    Despite this result, the clinical staff and attending physicians at Perryville ordered no follow-up physical exam, no outside referral to any specialist, no diagnostic exam, and no repeat Pap test to confirm the presence of these abnormal cells until October 1, 2013.

### The Results of Nishma's Denial of Treatment

32.    Beginning in August 2013, Nishma repeatedly reported to the clinical staff at Perryville heavy menses, irregular periods, cramping, abdominal pain, insomnia, and a general feeling of malaise.

33.    Despite nursing staff noting in the clinical record on September 16, 2013 that Nishma's symptoms were 'worsening' and that 'urgent intervention was required,' she was

5

simply given a prescription for Macrobid (antibiotic) by Defendant Johnson, even though she tested negative for *H. Pylori* on September 5, 2013.

34.    Left untreated and undiagnosed, Nishma reported passing 'clots the size of fists,' several abdominal pain, and extremely heavy menses at the beginning of October. *It was only during the October 1, 2013 visit with nursing staff that her ASCUS was even mentioned in the clinical record since March 2013.*

35.    Astonishingly, Defendant Enciso saw Nishma on October 3, 2013, again at Nishma's request with complaints of severe, intractable pain and passage of clots, at which time he noted that they would *merely repeat the Pap test in four weeks* if she was not bleeding at that time.

36.    On October 12, 2013, Nishma submitted yet another Health Needs Request ("HNR") stating that she was experiencing nausea, vomiting, abdominal pain, syncope, and significant weight loss over the previous few weeks.

37.    Defendant Enciso saw Nishma again on October 17, 2013, where he deferred her pelvic exam and told her to return to see him in three weeks.

38.    Between the October 17, 2013 visit and October 31, 2013, Nishma forwarded multiple HNRs to clinical staff begging for help. Yet she did not see Defendant Enciso until October 31, 2013, where he inexplicably deferred yet another pelvic exam and told her to return to the office in four weeks.

39.    Nishma did not receive her pelvic ultrasound (or any diagnostic) until November 14, 2013, where they identified a 5cm right ovarian hemorrhagic cyst and recommended repeating the pelvic ultrasound in six to eight weeks.

40.    By December 5, 2013, Nishma was in incredible pain and begging for someone to help her. Defendant Enciso finally ordered further evaluation, including a stat CBC to rule out cervical cancer. On physical exam, Defendant Enciso notes that Nishma was pale and her cervix appeared 'hard, friable' and 'eaten-up' with questionable masses noted in the right adnexa. It is on this date that Defendant Enciso writes an 'urgent' referral to a gynecological specialist.

41.     Incredibly, on December 6, 2013, Nishma submitted a request to have the vaginal packing inserted by Defendant Enciso the day before removed due to pain: nursing staff note in the clinical record that Nishma would have to 'remove it herself' as 'there was no provider available.'

42.     On December 6, 2013, Nishma's CBC returns showing *critical lab values and severe anemia from recurrent and voluminous blood loss*.

43.     Thankfully, on December 9, 2013, Nishma was finally transported to Tempe St Luke's Hospital for severe anemia and blood transfusion, ***nearly eight and a half months after her intake Pap test is returned with abnormal results***.

44.     Between December 9, 2013 and December 11, 2013, Nishma undergoes diagnostic testing at Tempe St Luke's Hospital to determine the etiology and significance of her clinical symptoms. She received a dilation and curettage (D&C) to relieve her of pain caused by bleeding, as well as a cervical biopsy to rule out cancer.

45.     ***On December 12, 2013, Nishma was told she was suffering from poorly differentiated squamous cell carcinoma of the cervix, likely an advanced stage.*** She was discharged from the hospital later that day with discharge recommendations of chemotherapy and radiation 'to be determined by her facility.' She was also advised to obtain a positron emission tomography ("PET") scan to determine staging of her cancer to receive guided treatment.

46.     On return to Perryville on December 12, 2013, Nishma was encouraged by the clinical staff to 'have a positive attitude' to help her feel better. She was in terrible pain, requesting pain medications at every possible turn. She repeatedly requested to see a specialist so that she could address her prognosis with her family.

47.     By December 17, 2013, Nishma's lab results showed that her kidneys and liver were starting to shut down. Her PET scan on December 17, 2013, showed metastatic disease to her uterus, skeletal muscle, liver, and colon. Her left kidney was atrophic and she had no kidney function via her left ureter. Her right kidney was hydronephrotic with minimal function.

48.     On December 20, 2013, Nishma was advised by clinical staff to 'plan for care of her child and family if the outcome is bad.' There were plans to visit with the gynecologic oncologist in January, as well as potentially using medical consult notes to apply for medical clemency.

49.     On January 2, 2014, Defendant Johnson noted Nishma's cervical cancer to be at Stage IV(b), a typically incurable form. He indicated it was 'urgent that Nishma starts chemo this week.'

50.     On January 2, 2014, Nishma finally receives her consult with the gynecological oncologist, Ivor Benjamin, MD, who informs her of <u>significant renal impairment</u> and the >50% chance of recurrence to her cancer, even if the chemotherapy and radiation are successful in bringing about remission.

51.     Nishma applied for, and was granted, medical clemency from the State of Arizona, returning home to the care of her family on February 28, 2014. Within days, she was admitted to Banner Good Samaritan Medical Center with symptoms of lethargy, nausea, vomiting, and vaginal bleeding.

52.     In and out of the hospital, Nishma was put on palliative care on March 31, 2014, after suffering from a diagnosis of *clostridium difficile* accompanied by constant nausea and vomiting. She needed significant assistance with activities of daily living, and a feeding tube was placed to keep her nourished.

53.     By April 8, 2013, Nishma was suffering intractable pain from a small bowel obstruction that was consistent with retroperitoneal carcinomatosis and multiple bony lesions confirming metastatic disease. Nishma's pain and suffering continued when she was required to undergo a colectomy to allow her to pass stool.

54.     Nishma needlessly died on April 20, 2014, leaving behind a loving family, including her mother, father and a 14-year old son.

<u>COUNT ONE</u>

**Violation of Civil Rights Under the Eighth and Fourteenth Amendments
and 42 U.S.C. §1983**

**(Defendants Enciso, Johnson, Nunn, Burns, and Reiter)**

55.    Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

56.    The Eighth Amendment to the United States Constitution, which applies to the Defendants pursuant to the Due Process Clause of the Fourteenth Amendment, forbids one who acts under color of law from being deliberately indifferent to the serious medical needs of individuals in their custody and control.

57. At all relevant times, Defendants were acting under color of law.

58.    At all relevant times, Nishma was in the custody and control of Defendants.

59.    Among other things, Defendants Enciso, Johnson, Nunn, Burns, and Reiter knew that Nishma had an abnormal Pap test upon intake, as well as significant ongoing blood loss, intractable pain, and clinical symptoms which were unabated by palliative therapy.

60.    Despite Nishma's complaints and repeated requests for medical care, Defendants Enciso, Johnson, Nunn, Burns, and Reiter deliberately withheld medical care from Nishma as she was experiencing an obviously clinically significant event and enduring substantial pain.

61.    Defendants Enciso, Johnson, Nunn, Burns, and Reiter conduct in this regard was objectively unreasonable and was undertaken with willful, reckless and malicious indifference to the constitutional rights and liberty interests of Plaintiffs and with no regard to the likelihood that harm would and did result and that Nishma would and did suffer extreme unnecessary pain that bore no legitimate penalogical purpose.

62.    The wrongful conduct of Defendants Enciso, Johnson, Nunn, Burns, and Reiter constitutes violations of 42 U.S.C. §1983 in that, with deliberate and callous indifference, they deprived Nishma of her Eighth and/or Fourteenth Amendment rights under the United States Constitution by denying Nishma desperately needed and required medical treatment while she was under their care.

63.    As a direct and proximate result of Defendants Enciso, Johnson, Nunn, Burns, and Reiter's deliberate indifference, Nishma suffered extraordinary pain and a premature death, and the Estate of Nishma Kanabar has suffered damages.

64.     As a direct and proximate result of Defendants Enciso, Johnson, Nunn, Burns, and Reiter deliberate indifference, Sheetal Patel,  Mahendra Kanabar, and Sabian Rios have forever lost the liberty interest guaranteed them by the Fourteenth Amendment to enjoy the companionship, society and support of Nishma.

65.     The acts and omissions of Defendants Enciso, Johnson, Nunn, Burns, and Reiter were of such a nature as to entitle Plaintiffs each to an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future

66.     Pursuant to 42 U.S.C. §1988 and other applicable law, Plaintiffs are also entitled to an award of incurred attorneys' fees and costs.

## COUNT TWO
### (Wrongful Death Pursuant to A.R.S. §12-611)
### (All Defendants)

67.     Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

68.     Defendants had a duty to assure the safety and well-being of Nishma while in their care, a duty that included, without limitation, providing proper, appropriate, and timely medical care to Nishma.

69.     Defendants breached their duties to Nishma, as identified in the allegations set forth in the paragraphs above.

70.     Despite being the primary physician responsible for ensuring Nishma received proper medical care, Defendant Enciso prolonged physical exams, delayed diagnostic testing, and failed to supervise Corizon clinical staff – Enciso's subordinates with regard to Nishma's care – to ensure that Nishma received proper medical care.

71.     Notwithstanding this non-delegable duty, the State of Arizona sought a private contractor to exclusively manage and provide medical care to inmates in its state prison facilities.

72.     Corizon Defendants undertook a duty to provide adequate medical care to the inmates of the State of Arizona. This includes (1) the duty to supervise all of its employees and

10

agents, and (2) the duty to ensure that its employees and agents satisfy all federal, state, and applicable industry standards. These duties further include a duty to properly screen incoming inmates for medical needs and to coordinate outside services/treatment whenever necessary to provide adequate medical care. Corizon also assumed a duty to respond to known problems (e.g., abnormal Pap test results) and/or improper customs, policies, practices, and procedures, including those that could potentially jeopardize the provision of adequate medical care.

73.     Corizon Defendants breached their duties, as identified by the allegations set forth in the paragraphs above, by (among others and without limitation) willfully participating in a practice or custom that denied Nishma adequate medical care, and by ratifying improper conditions, customs, policies, procedures and/or practices that jeopardized the provision of adequate medical care.

74.     As a direct and proximate result of the negligent actions of Defendants to provide Nishma with medical care, Nishma's mother, father, and son have been deprived of the continued companionship and society of their daughter and mother, and have suffered and continue to suffer the loss of a loved one, affection, companionship, care, protection, guidance, as well as pain, grief, sorrow, anguish, stress, shock, mental suffering, and have suffered both economic and non-economic damages in an amount to be proven at trial.

75.     Additionally, the acts of Defendants, as set forth above, demonstrate gross and wanton negligence in that each of them knew or had reason to know that their acts individually and collectively created an unreasonable risk of bodily harm to Nishma and a high probability that substantial harm would result.

76.     In causing the painful, barbaric and premature death of Nishma, Defendants acted with an evil mind and a malignant heart as evidenced by the conscious and deliberate disregard of the interest and rights of Nishma Kanabar, Sheetal Patel, Mahendra Kanabar, Sabian Rios, and other members of Nishma's family.

## COUNT THREE

### Violation of Civil Rights—42 U.S.C. §1983
### (Corizon Defendants)

77.    Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

78.    The Eighth Amendment to the United States Constitution, which applies to the Corizon Defendants pursuant to the Due Process Clause of the Fourteenth Amendment, forbids them from adopting, promulgating or approving a policy, procedure or custom that is deliberately indifferent to the serious medical needs of individuals in their care, custody and control.

79.    Despite this, the Corizon Defendants adopted, promulgated and approved policies, procedures and customs that violated the Eighth Amendment to the United States Constitution because they were deliberately indifferent to the serious medical needs of individuals in their care, custody, and control, including without limitation policies, procedures and customs concerning the filling of prescription medication, pain management, housing and care of critically ill inmates, and the management of long term chronic conditions, such as cancer.

80.    The Corizon Defendants' promulgating, adopting and approving policies, procedures and customs in this regard was objectively unreasonable and was undertaken with willful, reckless and malicious indifference to the constitutional rights and liberty interests of the individuals in its care, custody and control, including without limitation to and with no regard to the likelihood that harm would and did result and that unnecessary pain and suffering would be inflicted.

81.    As a direct and proximate result of Corizon Defendants' constitutionally deficient policies, procedures and customs, Nishma was repeatedly denied desperately needed medical care and did not receive proper management of her long term chronic illness, including without limitation the pain caused by metastatic cervical cancer, such that she suffered extreme unnecessary pain that bore no legitimate penalogical purpose.

## JURY TRIAL DEMAND

82.    Plaintiffs hereby demand a jury trial in this matter as to all claims and against all Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs requests that the Court enter judgment against the Defendants and in favor of the Plaintiffs, as follows:

a) For compensatory, general and special damages against each and every Defendant, jointly and severally, in an amount to be proven at trial; and

b) For punitive and exemplary damages against Defendants in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future; and

c) For pre-and post judgment interest to the extent provided by law; and

d) For Plaintiffs' incurred costs, including all incurred attorneys' fees and court costs, pursuant to 42 U.S.C. §1988 and as otherwise authorized by any other statute or law; and

e) For such other relief as this Court may deem proper.

**RESPECTFULLY SUBMITTED** this 24th day of July, 2015.

**GOLDMAN & ZWILLINGER PLLC**

/s/ _____

Scott H. Zwillinger
Scott Griffiths
Aaron Crane
7047 E. Greenway Parkway, Suite 150
Scottsdale, Arizona 85254
*Attorneys for the Plaintiffs*